NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—October, 1884.

ALEXANDER *v.* POWELL.

*In the matter of the estate of* RICHARD TREHARNE, *deceased.*

Testator, by the fifth article of his will, directed his executors to pay, out of the residue of his personal estate, "the mortgages now being existing liens upon . . . . . two dwelling houses (describing them), to the end that said dwelling houses may be free and discharged from mort-

gage liens, as soon as practicable after my decease;" and further gave his real property, and the residue of his personal property, to the executors, in trust "to pay over the entire net annual rents of said real estate, after payment of all taxes, assessments, insurance, and repairs of and upon said real estate, and the interest" of the personal property, to his wife, for the maintenance and education of his minor children, with remainder over. The mortgages fell due after the death of the testator. A referee reported that the interest on the mortgages, accruing after testator's death, had been improperly charged to the *corpus* of the personalty.—

*Held,* that the will contained an "express direction," within the meaning of 1 R. S., 749, § 4, requiring the mortgages to be satisfied, both as to principal and interest, out of the personal property.

HEARING of exceptions to report of referee, to whom the account of Thomas C. Powell and another, as executors of decedent's will, and objections thereto filed by Caroline A. Alexander, decedent's daughter, were referred, in proceedings for judicial settlement. The facts are stated in the opinion.

RICHARD J. LEWIS, and T. J. RUSH, *for executors.*

GEORGE F. MARTENS, *for objector.*

CHARLES E. DAVISON, *for special guardian.*

THE SURROGATE.—This testator provided as follows, in the fifth article of his will: "I direct my executors . . . . . to pay, out of the residue of my personal estate, the mortgages now being existing liens upon the two dwelling houses" (describing certain pieces of real property which, at the time of his decease, and at the time of the execution of his will, were owned by him, subject to such mortgages), "to the end that said dwelling houses may be free and discharged from mortgage liens as soon as practicable after my decease."

These mortgages fell due after the death of the testator, and, at their maturity, were discharged, principal and interest, out of the personal estate. For the amount thus paid, the executors, in the settlement of their accounts, now seek to be credited. These accounts, together with the objection thereto, have been submitted to a referee, who, by his report now before me, finds that the interest which, after the testator's death, accrued upon the mortgage, has been improperly charged to the *corpus* of the personal estate. This conclusion, unless it is justified by some statutory provision, or by some direction of decedent's will, is clearly erroneous; for, if both the statutes and the will are silent on the subject, the mortgages in question, together with the interest thereon, must be held, in accordance with the doctrine of the common law, as chargeable, like other debts, to the personal estate.

In § 4, tit. 5, ch. 1, part 2 of the Revised Statutes (3 *Banks*, 7th ed., 2205), appears the provision following : " Wherever any real estate, subject to a mortgage executed by any ancestor or testator, shall descend to an heir, or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator of his ancestor, *unless there be an express direction in the will of such testator that such mortgage be otherwise paid.*"

Now, the testator, in the case at bar, seems to me to have given such express direction, and thus to have relieved the realty covered by the mortgages from the operation of the statute. He gives his real

estate, and his residuary personal estate, to his executors, in trust, " to pay over the entire net annual rents of said real estate, after payment of all *taxes, assessments, insurance and repairs,* of and upon said real estate, and the interest, income and profits and dividends of said personal estate," to his wife, in quarterly payments, for the support and maintenance of the family, and the care and education of her children, until the survivor of his two youngest children shall attain his majority; when the entire residuary estate, real and personal, is directed to be distributed in equal parts to his wife and children.

The specification of the burdens to which the rents of the real estate are subjected does not include either the discharge of mortgages or that of interest on mortgages.    It does not, therefore, in the least abate, but rather augments, the force of the fifth article, as an express direction, by the testator, that the mortgages, principal and interest, be satisfied out of the personalty.    This interpretation, too, better than any other, seems to me to accord with the fact that the income, which is sought to be charged with the burden of interest, was given by the testator to his widow, for the maintenance of his family, and the care and education of his children.

The referee's report is sustained, with modifications above noted, and a decree may be entered accordingly.